700 P.2d 89

**CITY OF HAYDEN, Plaintiff-Appellant,**

v.

**WASHINGTON WATER POWER CO.,
Defendant-Respondent.**

No. 14847.

Court of Appeals of Idaho.

April 22, 1985.

**468**

Michael J. Vrable, Coeur d'Alene, for plaintiff-appellant.

Charles W. Hosack, Smith, Hosack & Potter, Coeur d'Alene, David J. Meyer (argued), Spokane, Wash., for defendant-respondent.

PER CURIAM.

This case presents a dispute between the City of Hayden and Washington Water Power Co. (WWP) over the enforceability of ordinances imposing fees upon existing franchises. The district court held the fees invalid. We affirm.

In 1966 the city enacted an ordinance granting WWP the right to establish and maintain a natural gas distribution system upon public property and rights of way. In 1980 the city enacted a similar ordinance authorizing WWP to establish and maintain an electrical distribution system. The rights granted under both ordinances were for twenty-five years' duration. Neither ordinance mentioned a franchise fee. In 1981 the city amended both ordinances to require that WWP pay the city each year a fee equal to five percent of its gross operating revenues obtained from sales of gas and electricity in the community. The city contemplated that the franchise fee would be passed through to WWP's customers. WWP refused to collect the franchise fees and the city brought this lawsuit to compel compliance. The district court entered summary judgment against the city. This appeal followed.

▪ The facts being undisputed, our inquiry is limited to questions of law. A franchise ordinance represents a contract between the city and its grantee. *B–C Cable Co. v. City and Burrough of Juneau,* 613 P.2d 616 (Alaska 1980). As such, the franchise is entitled to protection under the contract clause of the United States Constitution, article I, § 10, which bars enactment of state laws impairing the obligations of contracts. *See Boise Artesian Hot and Cold Water Co. v. Boise City,* 230 U.S. 84, 33 S.Ct. 997, 57 L.Ed. 1400 (1913). The Idaho Constitution, at article 1, § 16, provides similar protection. WWP argues that the amendatory ordinances of 1981 impair the obligations of the contracts embodied in the original franchise ordinances. We agree.

▪ Although the fees likely would be passed through to WWP's gas and electricity customers, the fees would remain a burden to the utility. WWP would be required to petition the Idaho Public Utilities Commission for approval of rate adjustments. WWP also would incur administrative expenses of collecting and remitting the franchise fees unless these expenses, too, were passed through to the customers. Finally, the fees would increase the price of energy furnished by WWP. Unless the demand for gas and electricity were wholly inelastic—and nothing in the record suggests that it is—the demand for these forms of energy would be impacted by price increases. Customers at the margin would have an economic incentive to use alternate sources of energy or to reduce their energy consumption. In either event WWP would suffer the market effect of higher prices without any corresponding change in the prices it actually receives and retains. We cannot say that the effect of a five percent price adjustment would be immaterial.

We do not suggest, of course, that a municipality never may impose new burdens upon an existing franchise grantee. A city has the inherent right to enact valid police power regulations, even if contracts are thereby affected. *Idaho Power & Light Company v. Blomquist*, 26 Idaho 222, 141 P. 1083 (1914); 12 E. McQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 34.74 (3d ed.1970). Indeed, the original gas franchise ordinance in this case recited the city's reservation of a continued right to exercise the police power. But the police power is limited to governmental acts promoting the health, comfort, safety and general welfare of society. *Idaho Power & Light Co. v. Blomquist, supra.* It does not embrace revenue measures. We are not persuaded that the franchise fees at issue here represent exercises of the police power. Neither does the record contain a showing that the fees are incidental to a scheme of supervision, inspection or control in the discharge of the police power. Consequently, the police power exception to the constitutional proscription against impairing contracts does not apply.

The judgment of the district court is affirmed. Costs to respondent, WWP. No attorney fees on appeal.